L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: **George L. Grogan, Sr.**  Case No.: 18-11859
Chapter 13

Debtor(s)

## Chapter 13 Plan

☐ Original

☑ Amended

Date: **September 28, 2018**

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 3015.1 Disclosures

☐ Plan contains nonstandard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral

☐ Plan avoids a security interest or lien

### Part 2: Payment and Length of Plan

**§ 2(a)(1) Initial Plan:**
  **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") _____
  Debtor shall pay the Trustee _____ per month for _____ months.
  Debtor shall pay the Trustee _____ per month for _____ months.
☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2) Amended Plan:**
  **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ **354,816.00**
The Plan payments by Debtor shall consists of the total amount previously paid ($ **12,000.00** ) for the first 6 months and will continue to pay $2,000.00 a month for the next 6 months, starting in October, 2018 and then added to the new monthly Plan payments in the amount of **$6,892.00** per month for the following 48 months, starting in April, 2019 .(Estimated trustee payment of $2,750.00 per month plus the sale of the three homes listed below for approximately $200,000.00 for the three homes.  Upon sale of homes, a modified plan will be filed.

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c)** Use of real property to satisfy plan obligations:

Debtor    **George L. Grogan, Sr.**                                    Case number

☑ Sale of real property  Debtor will be selling 3404 Kensington Ave., 3406 Kensington Ave. and 3409 Kensington Ave.which will subsidize his monthly trustee payments of $6,892.00 per month.  The proceeds from the sales will reduce the base amount to approximately $154.816.00 which would reduce the monthly trustee payment to approximately $2,750.00 per month.  This will be identified by a modified plan.

See § 7(c) below for detailed description

☐ Loan modification with respect to mortgage encumbering property:
See § 7(d) below for detailed description

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

## Part 3: Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a)** Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| **Michael A. Latzes, Esquire** | attorney fees | $2,500.00 |
| **Trustee** | trustee's commission | Not to exceed 10% |
| **City of Philadelphia (Claim #19)** | BIR (2015-2016)  & NPT (2015-2016 | $1,635.68 |

**§ 3(b)** Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑    **None.** If "None" is checked, the rest of § 3(b) need not be completed or reproduced.

## Part 4: Secured Claims

**§ 4(a)** Curing Default and Maintaining Payments

☐    **None.** If "None" is checked, the rest of § 4(a) need not be completed or reproduced.

☑    The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Name of Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage if applicable | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| **The Bank of New York, et al (Claim #15)** | 3461 Frankford Ave. Philadelphia, PA | $638.21 | $97.26 | N/A | $97.26 |

**4(b)** Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

☐    **None.** If "None" is checked, the rest of § 4(b) need not be completed.
☑    (1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor **George L. Grogan, Sr.** Case number

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a) (5) (B) (ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be Paid |
|---|---|---|---|---|---|
| | | | | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor **George L. Grogan, Sr.**  Case number

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be Paid |
|---|---|---|---|---|---|
| **City of Philadelphia - Law Department** | **All Properties listed in Claim #19** | $150,776.96 | Various interest rates: | Various values | $171,735.97 (claim broken down as follows |
| | (real estate taxes) **2001 Orthodox** (2010-2018) | $9,711.25 | 9% | $2,384.12 | $12,095.37 |
| | **2439 Memphis St.** (2009-2018) | $14,386.09 | 9% | $3,531.80 | $17,917.89 |
| | **3517 Malta St.** (2009-2018) | $10,060.56 | 9% | $2,469.88 | $12,530.44 |
| | **2015 Kinsey St.** (2001, 2003, 2006-2018) | $20,831.43 | 9% | $5114.14 | $25,945.57 |
| | **3406 Kensington St** (2014-2018) | $6,510.39 | 9% | $1,598.31 | $8,108.70 |
| | **3404 Kensington St** (2014-2018 | $7,603.16 | 9% | $1,866.59 | $9,469.75 |
| | **3409 Kensington St** (2014-2018) | $10,387.52 | 9% | $2,550.15 | $12,937.67 |
| | **SC judgment claims:** | | | | |
| | **3406 Kensington** | $3,006.75 | 6% | $480.98 | $3,487.73 |
| | **3404 Kensington** | $3,013.50 | 6% | $482.06 | $3,495.56 |
| | **3409 Kensington** | $3,006.75 | 6% | $480.98 | $3,487.73 |
| | **BIR for 2000-2008, 2011, 2012 & 2017 & NPTfor 1998, 2000-2005, 2008** | $49,818.06 | N/A | N/A | $49,818.06 |
| | **L& I, Water, BAA...** | $12,441.50 | N/A | N/A | $12,441.50 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor    **George L. Grogan, Sr.**    Case number

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be Paid |
|---|---|---|---|---|---|
| **Water Revenue Bureau** | **Properties listed in Claim #1<br>2439 Memphis St<br>3409 Kensington St.<br>3517 Malta St.<br>2015 Kinsey St.<br>3404 Kensington St.<br>3406 Kensington St.<br>2001 Orthodox St.<br>2174 E. Oakdale St.<br>2008 Orthodox St.<br>3461 Frankford Ave.** | $66,491.00 | N/A | N/A | $66,491.001 |
| **Pennsylvania Department of Revenue** | **Lien on property (Claim #2)** | $6,848.65 | N/A | N/A | $6,848.65 |
| **Luzerne County Tax Claim Bureau** | **Lien on 403 S. Franklin Street, Wilkes Barre, PA (Claim #5)** | $6,728.17 | 9% | $1,651.77 | $8,379.94 |
| **Saint Clair Area School District** | **44 Kimber Street, New Philadelphia, PA (Claim #9)** | $1,423.16 | 10% | $551.83 | $1,974.99 |
| **Luzerne County Flood Protection Authority** | **403 S. Franklin Street, Wilkes Barre, PA (Claim #10)** | $224.39 | 10% | $143.75 | $368.14 |
| **Schuylkill County Tax Claim Bureau** | **44 Kimber Street, New Philadelphia, PA (Claim #16)** | $1,282.50 | 9% | $314.50 | $1,597.00 |
| **City of Philadelphia (Water Revenue)** | **2439 Memphis St. & 3409 Kensington St (Claim #17)** | $390.00 | N/A | N/A | $390.00 |
| **The Bank of New York Mellon, et al. d/b/a Mr. Cooper** | **Claim #11<br>2174 Oakdale St.** | $13,667.38 (entire loan due) | 3.1250% | $1,113.31 | $14,780.69 |

**§ 4(c) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☑    **None**. If "None" is checked, the rest of § 4(c) need not be completed.

**§ 4(d) Surrender**

Page 5 of 8

| Debtor | George L. Grogan, Sr. | Case number | |
|---|---|---|---|

☑ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

## Part 5: Unsecured Claims

**§ 5(a) Specifically Classified Allowed Unsecured Priority Claims**

☑ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

**§ 5(b) All Other Timely Filed, Allowed General Unsecured Claims**

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☑ Debtor(s) has non-exempt property valued at **$988,000.00 approximately** for purposes of § 1325(a)(4)

(2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

☐ Pro rata

☑ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☑ **None.** If "None" is checked, the rest of § 6 need not be completed or reproduced.

## Part 7: Other Provisions

**§ 7(a) General Principles Applicable to The Plan**

(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payment under § 1326(a)(1)(B), (C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made to the Trustee.

(4) If Debtor is successful in obtaining a recovery in personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor or Trustee and approved by the court..

**§ 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

Debtor      **George L. Grogan, Sr.**                                    Case number

    (4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

    (5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

    (6) **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

    **§ 7(c) Sale of Real Property**

    ☐ **None**. If "None" is checked, the rest of § 7(c) need not be completed.

    (1) Closing for the sale of **3404 Kensington Ave., 3406 Kensington Ave and 3409 Kensington Ave., Philadelphia, PA** shall be completed within one year of the commencement of this bankruptcy case. Unless otherwise agreed, each secured creditor will be paid the full amount of their secured claims as reflected in § 4.b (1) of the Plan at the closing ("Closing Date").

    (2) The Real Property will be sold in accordance with the following terms:

    (3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. § 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

    (4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

    (5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:
    **Debtor will continue to pay his monthly trustee payments.**

    **§ 7(d) Loan Modification**

    ☑ **None**. *If "None" is checked, the rest of § 7(d) need not be completed.*

### Part 8: Order of Distribution

    **The order of distribution of Plan payments will be as follows:**

    **Level 1**: Trustee Commissions*
    **Level 2**: Domestic Support Obligations
    **Level 3**: Adequate Protection Payments
    **Level 4:** Debtor's attorney's fees
    **Level 5**: Priority claims, pro rata
    **Level 6:** Secured claims, pro rata
    **Level 7:** Specially classified unsecured claims
    **Level 8:** General unsecured claims
    **Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

### Part 9: Nonstandard or Additional Plan Provisions

    ☑ **None.** If "None" is checked, the rest of § 9 need not be completed.

### Part 10: Signatures

    Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan. Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked. Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID. By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that the Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:    **September 28, 2018**                                    **/s/ Michael A. Latzes**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

| Debtor | **George L. Grogan, Sr.** | Case number | |
|---|---|---|---|

**Michael A. Latzes 34017**
Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date:  **September 28, 2018**         **/s/ George L. Grogan, Sr.**
                                      **George L. Grogan, Sr.**
                                      Debtor

Date::                                Joint Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy